No. 987

KASKY v. B. & O. R. R. CO.

Ohio Appeals, 9th Dist., Lorain Co.

No. 387. Decided Oct. 16, 1926

829. NEGLIGENCE—At a railroad crossing within a city where a watchman and gates are maintained, a pedestrian has the right to suppose that when said gates are up and the watchman is paying no attention to his duties that it is safe to cross; and it is error for a trial court to direct a verdict on the theory that plaintiff is contributorily negligent as a matter of law by failing to stop, look and listen, this being the province of the jury to determine.

PARDEE, P. J.

Leona Kasky brought this action originally in the Lorain Common Pleas to recover for personal injuries sustained by her when she was crossing the tracks of the Baltimore & Ohio R. R. Co. in the city of Elyria. The Railroad Co. maintained gates and a watchman at this point and there was always a stream of vehicles and pedestrians crossing the tracks.

On the morning of the accident Kasky got off a street car at a place near the tracks and was proceeding to her work in a factory across the tracks. She testified that at the time she left the car, the gates were up and the watchman was across the tracks standing with his safety sign down talking to some other person. Testimony was given that showed that no bell was rung, nor whistle blown and there was no guard or watchman on the front of the car which consisted of a caboose and engine traveling backwards.

At the close of Kasky's testimony upon motion of the Company the trial court directed a verdict for it and a motion for a new trial being overruled, error was prosecuted and the Court of Appeals held:

1. The trial court based the directed verdict upon the ground that as a matter of law, Kasky was guilty of contributory negligence in not stopping and looking, and for this reason admits all the facts which the evidence tends to prove as true.

2. The duty rested upon Kasky to use ordinary care and from the facts disclosed in the evidence she reasonably could have believed that the train had just passed or was going to stop as the watchman was paying no attention to the same.

3. All authorities agree that at a railroad crossing where a watchman and gates are maintained, the public has the right to assume that when they are up it is safe to cross.

4. We are therefore of the opinion that it was a matter for the jury to decide whether Kasky was guilty of such contributory negligence as would preclude recovery.

Judgment reversed and cause remanded.

(Washburn and Funk, JJ., concur.)

Attorneys—Fauver & Fauver and Samuel Deutch for Kasky; H. C. Johnson for Company; all of Elyria.